UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| LARRY HIGGINS, et al., ) | |
|     Plaintiffs ) | Case No. 5:12-cv-183-KKC |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| ) | |
| BAC HOME LOANS SERVICING, LP, et al., ) | |
|     Defendants ) | |

\* \* \* \* \*

This matter is before the Court upon Certain Defendants' Motion to Stay Proceedings and Defer Responses to Plaintiffs' Complaint. (DE 7). Defendants ask that the Court stay this case, pending the final resolution of *Christian County Clerk v. Mortgage Electronic Registration Systems, Inc.* (6th Cir. No. 12-5237). A similar stay was granted in *Boyd County et al v. MERSCORP, Inc.* (E.D. Ky. Case No. 0:12-cv-33). Defendants argue that a stay is warranted here as well because the parties and issues of *Christian County* substantially overlap with this case. Given the substantial overlap in factual allegations, legal issues, and parties, a stay is proper in this case to foster efficiency and ensure consistent decisions.

**I. Factual Background**

On April 25, 2011, the Clerks of Christian County and Washington County, Kentucky filed a complaint against seventeen defendants in the Western District of Kentucky. (DE 7-4, Complaint filed in *Christian County*). Invoking three Kentucky recording statutes, the plaintiff-clerks sought to recover county land recording fees based

on the allegation that lenders have a duty to record assignments of transfers of loans on the Mortgage Electronic Registration Systems, Inc. ("MERS") loan registry system. On February 21, 2012, Chief Judge Joseph McKinley, Jr., dismissed the case. Judge McKinley held that the Kentucky statutes provide no private right of action for the clerks and that the statutes did not intend to protect against the harm alleged by the clerks. *Christian County Clerk v. Mortgage Elec. Registration Sys., Inc.*, No. 5:11-CV-00072-M, 2012 WL 566807, at *5 (W.D. Ky. Feb. 21, 2012). Shortly thereafter, the *Christian County* plaintiffs appealed the dismissal to the Sixth Circuit, and it is docketed as Appeal No. 12-5237. Briefs have been filed, and oral arguments are scheduled for December 6, 2012.

On April 20, 2012, fourteen Kentucky counties filed a lawsuit in the Eastern District of Kentucky on behalf of all Kentucky counties against twenty-nine defendants, including fifteen named in *Christian County*. (DE 7-6, Class Action Complaint filed in *Boyd County et al v. MERSCORP, Inc.*, No. 0:12-cv-33). In addition to the similar parties, the causes of action and the overall legal theory substantially overlapped with those in *Christian County*. Based on that overlap, Judge Wilhoit granted a stay pending the resolution of Christian County.

After the actions in *Christian County* and *Boyd County*, Plaintiffs filed this lawsuit in Fayette Circuit Court on May 8, 2012. The case has been removed to this Court. (DE 1). In the Complaint (DE 1-1), the Plaintiffs name three of the same defendants from *Christian County* and four of same from *Boyd County*. Also, familiarly, Plaintiffs assert two causes of action (1) "violation of KRS Section 382.360 and 382.365" and (2) civil conspiracy. (DE 1-1 at ¶¶ 59-63, 64-67). They seek damages, costs and

attorneys' fees, and an injunction ordering defendants to "immediately comply with the statutory requirements and record all past and current assignments." (*Id.* at 15). Defendants now move for a stay of the proceedings while the Sixth Circuit resolves the first-filed and substantially overlapping *Christian County*.

## II. Analysis

Inherent in every court is the power to manage its docket and stay proceedings. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The decision to enter a stay "ordinarily rests within the sound discretion of the District Court." *Ohio Envtl. Council v. United States Dist. Ct., Southern Dist. of Ohio,* 565 F.2d 393, 396 (6th Cir. 1977). Because every party has right to a determination of its rights and liabilities in a timely manner, "the burden is on the party seeking the stay to show ... [a] pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.* Courts consider several relevant factors when considering whether to grant stays. In making this determination, courts should weigh "the potentiality of another case having a dispositive effect on the case to be stayed, the judicial economy to be saved by waiting on a dispositive decision, the public welfare, and the hardship/prejudice to the party opposing the stay, given its duration." *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004)(citing *Landis*, 299 U.S. at 255).

Here, those factors weigh in favor of a stay. First, there is great potential for *Christian County* to have dispositive effect on this case. While these two cases are not identical, they substantially overlap so as to be duplicative. Three of the same defendants are joined in both cases: Bank of America, N.A., JP Morgan Chase Bank, N.A., and Wells Fargo Bank, N.A. While the Plaintiffs here are private landowners, they assert the

3

same causes of action as the county clerks: statutory violations of KRS §§ 382.360 and 382.365. Furthermore, both sets of plaintiffs rely on the same legal theory: that defendants failed to comply with Kentucky's recording regime by designating MERS as the mortgagee in order to avoid recording every assignment and thus avoid paying filing fees. (DE 1-1, Complaint ¶¶ 33-43; DE 7-4, *Christian County* Complaint ¶¶ 22-27). In dismissing the complaint in *Christian County*, Judge McKinley held that KRS § 382.360 did not provide private right of action for the clerks to sue. He found that clerks were not among the three groups of people he believe the statute intended to protect. In resolving the appeal of Judge McKinley's dismissal, the Sixth Circuit similarly will analyze the scope of this statute.

In doing so, the Sixth Circuit will also provide guidance for Plaintiffs' claims. Additionally, the Defendants have urged the Sixth Circuit to affirm the dismissal in *Christian County* on other grounds: "because of a lack of injury from non-recorded assignments, because no duty to record exists under Kentucky law, and because the causes of actions asserted (the same ones pled here) fail to state cognizable claims for relief." (DE 20, Reply Brief in Support of Defendants' Motion to Stay Proceedings at 8). A Sixth Circuit ruling on one of these grounds would also have dispositive effect on this case. Given the substantial overlap, the concern for judicial economy also supports a stay of this matter. The Sixth Circuit's opinion would "negate the need for this Court to delve into the vast majority of the legal issues presented in this case." *Michael*, 325 F. Supp. 2d at 832-33.

Finally, both the public interest and the balance of hardships favor a stay. The public interest is served by conserving judicial time and resources in the face of

duplicative proceedings. In terms of hardships, Defendants argue that Plaintiffs will suffer no harm from a temporary stay because they can litigate this fully once the *Christian County* appeal is decided. Plaintiffs have not challenged this assertion – in fact, they have not mentioned prejudice at all – and moreover, any delay is outweighed by the hardship of each side incurring greater expense and expending greater resources in an action that ultimately could be dismissed by this Court. *See Vasvari v. Rite Aid Corp.*, Case No. 09-CV-2069, 2010 WL 3328210 (M.D. Pa. Aug. 23, 2010); *Georgia-Pac. Consumer Products LP v. Four-U-Packaging, Inc.*, 3:09-CV-1071, 2010 WL 55973 (N.D. Ohio Jan. 5, 2010)("The harm if I do not grant the stay is that Four–U will have to endure the expense, delay and uncertainty of litigation similar to that already found meritless in two other jurisdictions."). Seven other federal and state courts have dismissed lawsuits premised on similar allegations that lenders have a statutory duty to record assignments under various state laws.[1] Therefore, these final factors weigh in favor of a stay as well.

### III. Conclusion

For all the above stated reasons, Defendants' motion will be GRANTED.

Accordingly, IT IS HEREBY ORDERED that all proceedings in this case, including all Defendants' responses to Plaintiffs' Complaint, are STAYED pending final resolution of the case of *Christian County Clerk v. Mortgage Electronic Registration Systems, Inc.* (6th Cir. No. 12-5237).

---

[1] *Fuller v. Mortgage Elec. Registration Sys., Inc.*, No. 11-1153 (M.D. Fla. June 27, 2012)(DE 20-1); *Bates v. Mortgage Elec. Registration Sys., Inc.*, 2011 U.S. Dist. LEXIS 40356, at *9-10 (D. Nev. Mar. 30, 2011); *Bates v. Mortgage Elec. Registration Sys., Inc.*, 2011 WL 892646 (E.D. Cal. Mar. 11, 2011); *Bates v. Mortgage Elec. Registration Sys., Inc.*, No. 2010 CA 002993 (D.C. Super. May 7, 2012)(DE 20-3); *Bates v. Am. Lending Alliance*, No. 10-1-0160-01 (Haw. Mar. 12, 2012)(DE 20-4); *Bates v. Mortgage Elec. Registration Sys., Inc.*, No. 49D12-0911-CT-051734 (Ind. June 22, 2012)(DE 20-5); *Bates v. Mortgage Elec. Registration Sys., Inc.*, No. MCRE-1010 (Tenn. Apr. 4, 2012)(DE 20-6).

IT IS FURTHER ORDERED that the Defendants shall file a status report within seven (7) days of the resolution of *Christian County Clerk v. Mortgage Electronic Registration Systems, Inc.* (6th Cir. No. 12-5237).

Dated this 29th day of October, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge