UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **LARRY HIGGINS, et al.,** | **CIVIL ACTION NO. 12-cv-183-KKC** |
| **Plaintiffs,** | |
| V. | **OPINION AND ORDER** |
| **BAC HOME LOANS SERVICING, LP, et al.,** | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the motion to dismiss (DE 51) filed by Defendant U.S. Bank, N.A. For the following reasons, the motion will be denied but the Court will require the Plaintiffs to file an amended complaint that either 1) makes further particularized allegations supporting Baker's standing to assert a claim against U.S. Bank, N.A., in its individual capacity; or 2) substitutes the appropriate defendant for Baker's claims.

I.   Background

The Court set forth the facts of this case in a prior opinion on the motion to dismiss filed by three defendants (Bank of America, N.A., JPMorgan Chase Bank, N.A., and Wells Fargo Bank, N.S.) and joined by the remaining four defendants.

In short, the Plaintiffs allege they are Kentucky homeowners who borrowed money to purchase homes and also pledged their homes as collateral for the loans by way of mortgages. They assert that the Defendants violated two Kentucky statutes – KRS §§

382.360 and 382.365 – because the Defendants were assigned the Plaintiffs' mortgages securing the Plaintiffs' notes but never recorded the assignments with the county clerk.

There are seven plaintiffs in this matter, each of whom sues the bank to which his mortgage was allegedly assigned. Plaintiff Shelia Baker alleges that her mortgage was assigned to U.S. Bank and that U.S. Bank[1] failed to timely record the assignment with the county clerk as the statutes require.

U.S. Bank moves to dismiss the claims against it. In its motion to dismiss, it makes various arguments, the first of which is that Baker lacks standing to sue it because it was never assigned Baker's mortgage. Instead, the mortgage was assigned to U.S. Bank, solely in its capacity as trustee for a certain trust.[2] Thus, U.S. Bank argues that Baker may have standing to sue U.S. Bank as trustee for the trust but she does not have standing to sue U.S. Bank, N.A. Because standing is a "threshold issue," the Court will begin its analysis there. *See United States v. Torres-Ramos*, 536 F.3d 542, 549 (6th Cir. 2008).

## II. Analysis

U.S. Bank argues that Baker lacks standing to sue it because the mortgage was assigned to it in its capacity as trustee. Baker has not sued U.S. Bank in its capacity as trustee but instead has sued it in its individual capacity.

Article III of the United States Constitution limits the jurisdiction of federal courts to actual "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "That restriction requires that the party invoking federal jurisdiction have standing." *Davis v. Fed. Election Com'n*, 554 U.S. 724, 732 (2008). While U.S. Bank has moved for dismissal under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for lack of standing "is more properly

---

[1] The Complaint actually alleges that "Plaintiff Clarke's" mortgage was assigned to U.S. Bank. (DE 32, Amended Complaint ¶ 35.) Given the context of this allegation, the Court assumes this is a typo.
[2] The name of the trust is Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, 2006-6.

considered an attack on the court's subject-matter jurisdiction under Rule 12(b)(1)." *Allstate Ins. Co. v. Global Med. Billing, Inc.*, 520 F. App'x 409, 411 (6th Cir. 2013). "The distinction is important because a dismissal for failure to state a claim is considered an adjudication on the merits with full preclusive effect in later litigation, while a dismissal for lack of subject-matter jurisdiction does not operate as a merits adjudication and is presumably granted without prejudice." *Id.*

To satisfy this "case-or-controversy" requirement, "a plaintiff must establish three elements: (1) an injury in fact that is concrete and particularized; (2) a connection between the injury and the conduct at issue—the injury must be fairly traceable to the defendant's action; and (3) [a] likelihood that the injury would be redressed by a favorable decision of the Court." *Blachy v. Butcher*, 221 F.3d 896, 909 (6th Cir. 2000) (internal quotation marks and citation omitted); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (noting that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement"). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

"Each of these elements 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'" *Fednav, Ltd. v. Chester*, 547 F.3d 607, 614 (6th Cir. 2008) (quoting *Lujan*, 504 U.S. at 561).

This matter is before the Court on a motion to dismiss. Accordingly, in determining Baker's standing, the court "must accept as true all material allegations of the complaint[.]" *Fednav*, 547 F.3d at 614 (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)); *American Fed'n of Gov't Emp. v. Clinton*, 180 F.3d 727, 729 (6th Cir. 1999) ("For purposes of ruling on a motion to dismiss for lack of standing, a complaint must be viewed in the

light most favorable to the plaintiff; all material allegations of the complaint must be accepted as true.")

Standing may also be challenged in a summary judgment motion and at trial. If the defendant challenges standing in a summary judgment motion, the plaintiffs "can no longer rest on . . . 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts,' Fed. Rule Civ. Proc. 56(e), which for purposes of the summary judgment motion will be taken to be true." *Lujan*, 504 U.S. at 561. Where standing is challenged at trial, controverted facts must be "supported adequately by the evidence adduced at trial." *Id*. Again, however, dismissal for lack of subject matter jurisdiction is presumably without prejudice while dismissal after an adjudication on the merits is with prejudice. *Global Med. Billing, Inc.*, 520 F. App'x at 411.

U.S. Bank argues that Baker has no standing to assert the claims against it because she cannot show that her injury is "fairly traceable" to U.S. Bank, individually. (DE 51-1, Mem. at 4.) It argues that the injury alleged by Baker is only traceable to U.S. Bank, as trustee.

The complaint alleges that Baker entered into a mortgage agreement with American Founders Bank in 2008; that the mortgage was assigned to U.S. Bank on June 23, 2011; and that U.S. Bank did not timely record the assignment with the county clerk in violation of two Kentucky statutes. (DE 32, Amended Complaint ¶¶ 34-36.)

In its response, however, U.S. Bank submits a copy of the mortgage assignment that shows the June 23, 2011 assignment was actually to U.S. Bank as trustee for the trust. The mortgage assignment was filed with the county clerk in Woodford County. Thus, in ruling on the motion to dismiss, this Court may consider the assignment as a public record. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

In their response, the Plaintiffs do not dispute that the mortgage was actually assigned to U.S. Bank as trustee for the trust. Nevertheless, they insist that U.S. Bank, individually, is the proper defendant. They cite a Kentucky statute indicating, with regard to a "business trust," that trustees can be sued in their individual capacity for "fraud or bad faith." KRS § 386.390. They also cite a Kentucky statute indicating that a trustee is personally liable for torts committed in the course of the administration of the trust if the trustee is personally at fault. KRS § 386.730.

The problem for the Plaintiffs is that the allegations in their complaint regarding Baker's claim against U.S. Bank are indisputably wrong. The complaint alleges that Baker's mortgage was assigned to U.S. Bank on June 23, 2011. It was not. The mortgage was assigned to the trust on that date. The complaint indicates that U.S. Bank's liability flows simply from the fact that it was assigned Baker's mortgage. In response to the motion to dismiss, however, the Plaintiffs indicate that U.S. Bank's liability flows from the fraudulent or tortious acts that the bank took as trustee for the trust.

In their complaint, the Plaintiffs never mention the trust or U.S. Bank's role as trustee. They never indicate that they seek to hold the bank liable for actions it took as trustee. Instead, they allege only that the mortgage was assigned to the bank and that the bank did not record the assignment. If the Plaintiffs seek to hold U.S. Bank individually liable for its acts as trustee for the trust, then its complaint must specify that and the acts which subject the bank to liability.

As it stands, the allegations of the Plaintiffs' complaint, considering also the mortgage assignment recorded in Woodford County, do not establish Baker's standing to assert claims against U.S. Bank in its individual capacity. Where the allegations in the complaint do not establish standing, "it is within the trial court's power to allow or to

require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of the plaintiff's standing." *Warth v. Seldin*, 422 U.S. at 501.

Accordingly, the Court will order the Plaintiffs to amend their complaint with further particularized allegations of fact supportive of Baker's standing. If the Plaintiffs fail to comply, then Baker's claim must either be dismissed or remanded. *See Warth*, 422 U.S. at 502; *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 392-93 (1998); *Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1006-07 (9th Cir. 2001). This Court retains jurisdiction, however, over the remaining claims. *Wisconsin Dep't of Corrections*, 524 U.S. at 392; *Shaw v. Marriott Int'l, Inc.*, 605 F.3d 1039, 1044 (D.C. Cir. 2010)

### III.     Conclusion

For all these reasons, the Court hereby ORDERS that:

1)   the motion to dismiss by U.S. Bank (DE 51) is DENIED; and

2)   within 14 days of the entry date of this order, the Plaintiffs SHALL FILE an amended complaint which either 1) contains further particularized allegations of fact supporting Baker's standing to sue U.S. Bank in its individual capacity; or 2) dismisses U.S. Bank and names the appropriate defendant for Baker's claims. If the Plaintiffs fail to comply with this order, Baker's claims will either be dismissed or remanded.

Dated this 31st day of March, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY