Eastern District of Kentucky
F I L E D
JUL 0 3 2014
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| LARRY HIGGINS, et al., <br> **Plaintiffs,** <br><br> V. <br><br> BAC HOME LOANS SERVICING, LP, et al., <br> **Defendants.** | CIVIL ACTION NO. 12-cv-183-KKC <br><br> <u>**OPINION AND ORDER**</u> |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on two motions for interlocutory appeal, the first of which was filed by all of the named defendants in this action (DE 80) and the second of which was filed by defendants Federal National Mortgage Association (Fannie Mae) and Federal Housing Finance Agency (FHFA) (DE 83).

## I.   Background

There are two opinions at issue, both of which involve Kentucky statutes requiring that mortgage assignments be filed with the county clerk.

The first statute provides that "[w]hen a mortgage is assigned to another person, the assignee shall file the assignment for recording with the county clerk within thirty (30) days of the assignment . . . ." KRS 382.360(3). The second statute reiterates the recording requirement of the first providing that "[a]n assignee of a lien on real property shall record the assignment in the county clerk's office as required by KRS 382.360." KRS 382.365(2). A third statute provides a private right of action for any property owner against a mortgage assignee who fails to record a mortgage assignment. KRS 382.365(3). The statute further provides for an award of damages against the delinquent assignee stating "[d]amages under

this subsection for failure to record an assignment pursuant to KRS 382.360(3) shall not exceed three (3) times the actual damages, plus attorney's fees and court costs, but in no event less than five hundred ($500)." KRS 382.365(5).

The first opinion at issue is docketed at docket number 75 and denied a motion to dismiss filed by all the named defendants. The defendants argue that the opinion is appropriate for interlocutory appeal because it concludes that the Kentucky recording statutes require the "creation" of a written mortgage assignment when the underlying note is assigned. (DE 80-1, Mem. at 1.) The Court did not reach this conclusion and, thus, declines to analyze it to determine if the opinion is appropriate for interlocutory appeal.

The Court did, however, conclude that the Kentucky recording statutes require that *all* mortgage assignments be recorded, including those that occur by operation of law when the underlying note is assigned. The Court will analyze this finding to determine if the opinion is appropriate for interlocutory appeal.

The defendants also argue that the opinion is appropriate for interlocutory appeal because it concludes that the statutes provide a private right of action for *any* property owner against a mortgage assignee who fails to record the mortgage assignment. The Court did reach this conclusion and, thus, will also analyze it to determine if the opinion is appropriate for interlocutory appeal.

The second opinion at issue is docketed at docket number 74. It denied a motion to dismiss filed by only defendants Fannie Mae and FHFA. These defendants argue that the opinion is appropriate for immediate appeal because it concludes that the minimum damages set forth in the Kentucky recording statutes for failure to record a mortgage assignment could be assessed against them. They argued in their motion to dismiss that these damages constitute a "penalty" and, thus, could not be assed against them pursuant to a federal statute, 12 U.S.C. § 4617(j)(4). That statute provides that "[t]he Agency shall

2

not be liable for any amounts in the nature of penalties or fines, including those arising from the failure of any person to pay . . . recording or filing fees when due." The Court determined that, in referring to the "Agency," the statute refers to both to Fannie Mae and FHFA but determined that the minimum damages provided for in the Kentucky recording statutes did not constitute a "penalty" for purposes of the federal statute.

## II. Analysis

Title 28 U.S.C. § 1291 provides for appeal only from "final decisions of the district courts of the United States." Pursuant to 28 U.S.C. § 1292(b), however, a district court may certify an order for interlocutory appeal if the following conditions are met: "(1) a controlling legal question is involved; (2) there is substantial ground for difference of opinion regarding it; and (3) an immediate appeal would materially advance the litigation's ultimate termination." *In re Baker & Getty Financial Services, Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992) (citation and quotations omitted). "Review under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

As an initial matter, the Court finds that both requests for interlocutory appeal were timely made. Pursuant to Federal Rule of Appellate Procure 5(a)(3), a party may move the district court to amend an order to certify that the order is appropriate for interlocutory appeal. Accordingly, the plaintiffs' argument that the motions must be made before the district court issues its ruling is without merit.

The plaintiffs suggest that, instead of certifying the orders for interlocutory appeal, this Court should certify the questions regarding the interpretation of Kentucky's recording statutes to the Kentucky Supreme Court. The Court declines to do so. "The appropriate

3

time to seek certification of state-law issues is before a District Court resolves the issue ...."
*Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 610 (6th Cir. 2012) (quoting *Geronimo v. Caterpillar, Inc.*, 440 Fed.App'x 442, 449 (6th Cir.2011)). No party asked this Court to certify the issues of statutory interpretation to the Kentucky Supreme Court. Instead, the parties asked this Court to resolve them. The Court did so and declines at this stage to certify the issues for a second resolution by the state courts.

As to the first condition of § 1292(b), the relevant issues in both opinions involve purely legal questions of statutory interpretation. The Court was not required to resolve any factual disputes. As it must on a motion to dismiss, the Court assumed the truth of the plaintiffs' factual allegations. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).

The legal issues resolved by the Court in the two opinions are also controlling. "A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351. Again, the Court concluded in the first opinion that Kentucky's recording statutes require that all mortgage assignments be recorded and that the statutes grant the plaintiffs a private right of action. That decision allowed this matter to continue. If either of these rulings should be reversed, this matter must be dismissed in its entirety. The Court recognizes that the plaintiffs also assert a civil conspiracy claim but that claim is founded upon a violation of Kentucky's recording statutes. If the statutory claims are dismissed, then the civil conspiracy claim will also be dismissed.

In the second opinion, the Court concluded that 12 U.S.C. § 4617(j)(4) did not prohibit the Court from imposing the minimum damages set forth in the Kentucky's recording statutes against defendants FHFA and Fannie Mae. If this decision should be reversed then this action must be dismissed against these two defendants. The Court has dismissed the claim for injunctive relief against these defendants. The Court recognizes

that the opinion is relevant only to FHFA and Fannie Mae. But the opinion does address a question of law that is "controlling" as to the claims against these defendants.

The plaintiffs argue this matter is not appropriate for interlocutory appeal because there has been no discovery. The plaintiffs do not explain what kind of discovery is necessary in order to interpret the statutes at issue and the Court sees no discovery that would be relevant.

There is also substantial ground for a difference of opinion regarding the Court's conclusion in the first opinion that the Kentucky statutes require that all mortgage assignments be recorded. In determining whether a substantial ground for difference of opinion exists, the court considers whether "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *In re Miedzianowski,* 735 F.3d 383, 384 (6th Cir. 2013) (quoting *City of Dearborn v. Comcast of Mich. III, Inc.*, No. 08–10156, 2008 WL 5084203, at *3 (E.D.Mich 2008)).

Judge McKinley of the Western District of Kentucky has concluded that the Kentucky statutes do not require the recording of mortgage assignments that occur by operation of law, as when the underlying note is assigned. *See Ellington v. Federal Home Loan Mortgage Corporation,* No. 4:13-30, 2014 WL 1319700 (W.D. Ky March 31, 2014). This conclusion is in direct contrast to the conclusion reached by this Court. No other courts have addressed the issue.

The Court does not find a substantial ground for a difference of opinion regarding its conclusion that the plaintiffs have a private right of action under the Kentucky recording statutes. Judge McKinley did not resolve this issue. The statutes explicitly provide a

private right of action to "any owner of real property" against a lienholder who fails to record a mortgage assignment. KRS § 382.365 (3). Given the explicit language, there is not a substantial ground for a difference of opinion on this issue.

Nevertheless, under 28 U.S.C. §1292(b), the Court certifies for interlocutory appeal an "order," not a particular issue. *See Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996) ("As the text of § 1292(b) indicates, appellate jurisdiction applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court.... [T]he appellate court may address any issue fairly included within the certified order because it is the *order* that is appealable, and not the controlling question identified by the district court.") (quotations and citation omitted.) Thus, the Court may certify the order for interlocutory review even if some rulings contained in the order do not meet all of the requirements of § 1292(b).

There is also a substantial ground for a difference of opinion regarding the Court's determination at docket entry 74 that the minimum damages provided for in the Kentucky recording statutes could be imposed against Fannie Mae and FHFA. The federal statute at issue – 12 U.S.C. § 4617(j)(4) – prohibits the imposition of fines and *penalties* against "the Agency" for the failure of any person to timely pay recording or filing fees. These defendants argued that the minimum damages set forth in the recording statutes constitute a "penalty." The Court disagreed and, thus, determined that the minimum damages could be imposed against these defendants. This is a difficult issue. "The distinction between penal and remedial provisions is murky at best and ephemeral at worst." *Groves v. Modified Retirement Plan*, 803 F.2d 109 (3d Cir. 1986). Clearly no other court has addressed this issue with regard to Kentucky's recording statutes.

As to whether an interlocutory appeal of the opinion at docket number 75 will materially advance the ultimate termination of the litigation, as discussed, a reversal of

either conclusion in that opinion – that the plaintiffs have a private right of action under the Kentucky recording statutes or that the statutes require that all mortgage assignments be recorded – would terminate this litigation as to all defendants. This is particularly significant here because the plaintiffs seek to have this certified as a class action involving "tens of thousands" of plaintiffs. (DE 76, Second Amended Complaint ¶ 72.) Such litigation is complex, lengthy, expensive and burdensome on the parties and the courts.

While the opinion at docket number 74 involves only FHFA and Fannie Mae, as discussed, a reversal would terminate this litigation as to them. Further, given the potential complexity of this case as a class action, the elimination of even two defendants will materially advance the termination of this litigation.

Accordingly, the Court will grant both motions for interlocutory appeal. Also, for these reasons, this action will be stayed pending the Sixth Circuit's resolution of the interlocutory appeal.

### III. Conclusion

For all these reasons, the Court hereby ORDERS that:

1) the motion by all of the defendants (DE 80) for interlocutory appeal of the Court's opinion and order dated March 31, 2014 and docketed at docket number 75 is GRANTED;

2) the motion by Fannie Mae and FHFA (DE 83) for interlocutory appeal of the Court's opinion and order dated March 31, 2014 and docketed at docket number 74 is GRANTED;

3) the opinions at docket numbers 74 and 75 are AMENDED to state that they involve a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the orders may materially advance the ultimate termination of this litigation; and

4) this action is STAYED pending the Court of Appeals' resolution of the interlocutory appeal.

This 3rd day of July 2014



Signed By:
*Karen K. Caldwell*
United States District Judge