UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- AT LEXINGTON

| | |
|---|---|
| LARRY HIGGINS, et al., | CIVIL ACTION NO. 12-cv-183-KKC |
| Plaintiffs, | |
| V. | OPINION AND ORDER |
| BAC HOME LOANS SERVICING, LP, et al., | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on plaintiffs' motion (DE 98) requesting that the Court alter, amend, vacate or set aside its order dated September 30, 2015 which dismissed this entire action. The Court entered that order after the Sixth Circuit Court of Appeals entered an opinion stating that this Court "should have granted defendants' motion to dismiss" and that this Court "should have dismissed plaintiffs' action. . . ." *Higgins v. BAC Home Loans Servicing, LP*, 793 F.3d 688, 691, 694 (6th Cir. 2015).

With their current motion, the plaintiffs argue that the Court erred in dismissing this entire action because that is not what the Sixth Circuit's opinion requires.

I.      Background

This case centers on a Kentucky statute requiring that mortgage assignments be recorded with the county clerk within 30 days of the assignment. KRS 382.360(3). There are two relevant ways that mortgages can be assigned under Kentucky law. The first is through a written instrument that explicitly assigns the mortgage. The second is by way of an assignment of the note that is secured by the mortgage.  Under Kentucky common law, "the assignment of a note secured by a mortgage transfers the interest in the underlying mortgage." *Christian Cty. Clerk v. Mortgage*

*Elec. Registration Sys, Inc.*, 515 F. App'x 451, 455  (6th Cir. 2013) (citing *Napier v. Duff*, 136 S.W.2d 1083, 1085 (Ky. 1939).

The plaintiffs asserted in their complaint that their mortgages were assigned to various of the defendants but the defendants failed to record the mortgage assignment as they were required to do under the statute. The defendants argued in a motion to dismiss that they were not required under the statute to record the mortgage assignments at issue because the mortgages were not assigned by a written document explicitly assigning the mortgage. Instead, the mortgages were assigned to them only by operation of law because the notes had been assigned to them.

In its opinion on the defendants' motion to dismiss, this Court agreed with the plaintiffs and determined that the statute required that all mortgage assignments be recorded – whether they occur by an explicit written mortgage assignment or by operation of law when the underlying note is assigned. On appeal, however, the Sixth Circuit held that the statute requires the recording of only those mortgage assignments that occur by a written mortgage assignment and that it did not require the recording of mortgage assignments that occur by operation of law when the note is assigned. Accordingly, the Sixth Circuit held that this Court "should have granted defendants' motion to dismiss" and "should have dismissed plaintiffs' action. . . ." *Higgins v. BAC Home Loans Servicing, LP*, 793 F.3d 688, 691, 694 (6th Cir. 2015).

While the Sixth Circuit reversed the Court's opinion denying the motion to dismiss, it did not explicitly remand the matter to this Court for any purpose. *Id.* at 694. "As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). "Filing a notice of appeal divests a district court of jurisdiction until the Court of Appeals remands the case." *Turner v. Brunsman*, No. 1:09-CV-2770, 2011 WL 3566729, at *1 (N.D. Ohio Aug. 13, 2011) (citing *United States v. Garcia–Robles*, 562 F.3d 763, 767

(6th Cir.2009); *Dunham v. United States*, 486 F.3d 931, 935 (6th Cir.2007)). Thus, it is not clear that this Court has jurisdiction to do anything further in this case at all.

Nevertheless, after the Sixth Circuit's opinion finding that this Court should have granted the defendants' motion to dismiss and should have dismissed the plaintiff's action, this Court entered an order dismissing the action. Otherwise, the case would have improperly remained open on the Court's docket. The plaintiffs now ask this Court to exercise its very limited jurisdiction in this matter to find that their complaint should not actually be dismissed because they assert claims that were not addressed in the motion to dismiss. In the alternative, they ask the Court to permit them to amend their complaint to assert such claims. The Court is unable to grant either request.

The "mandate rule 'compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court.'" *United States v. O'Dell*, 320 F.3d 674, 679 (6th Cir. 2003) (quoting *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir.2001)). To the extent that the Sixth Circuit intended to remand this matter at all, the Court must act in accordance with the Sixth Circuit's directions that this action should be dismissed. The Sixth Circuit expressly decided and stated this in the opinion.

 The plaintiffs argue that the Sixth Circuit's holding that this action should be dismissed was mere dicta.  The very issue on appeal, however, was whether the plaintiff's entire action should be dismissed. In their motion to dismiss filed in this Court, the defendants moved to dismiss the plaintiffs' entire "complaint." (DE 53, Motion.) The defendants appealed from this Court's denial of that motion.

The plaintiffs argue that the Sixth Circuit's opinion can be construed to permit them to maintain claims based on written mortgage assignments. However, in the opinion, the Sixth Circuit explicitly stated that the plaintiffs asserted claims based only on the transfer of promissory notes and that they did not assert claims based on written mortgage assignments. "It is

3

undisputed that defendants transferred *only* promissory notes and did not fail to record any transfers of mortgage deeds." *Higgins*, 793 F.3d at 694 (emphasis added). It then held that this Court should have dismissed the entire action on that basis. *Id.*

It is clear that the Sixth Circuit intended that this entire action should be dismissed because the court found it unnecessary to address other issues like whether the Kentucky recording statute grants a private right of action only to borrowers who have actually paid off their loans or whether the claims against the defendants Federal National Mortgage Association and the Federal Housing Finance Agency should be dismissed on federal statutory grounds. *Id.*

A sub-rule under the mandate rule is the waiver rule. It provides that, "where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand unless the mandate can reasonably be understood as permitting it to do so." *O'Dell*, 320 F.3d at 679 (quoting *Ben Zvi*, 242 F.3d at 95).

There can be no doubt that, at the time of initial appeal, the parties and this Court understood that granting the defendants' motion to dismiss would require dismissal of the entire action. Again, the opinion on appeal resolved the defendants' motion to dismiss the plaintiffs' entire "complaint." (DE 53, Motion.) In their motion for interlocutory appeal, the defendants argued that "if the Sixth Circuit rules in Defendants' favor . . . , this lawsuit will end." (DE 80-1, Mem. at 2.) They further argued that "if the Sixth Circuit reversed this Court's decision . . ., the lawsuit would end in Defendants' favor, and further proceedings such as discovery, class certification, summary judgment, and trial would be avoided." (DE 80-1, Mem. at 10.) Finally, they stated "[i]f either [issue on appeal] is resolved in Defendants' favor by the Sixth Circuit, then Plaintiffs would not state a claim for relief and dismissal of the case would be required. . ." (DE 80-1, Mem. at 13.)

In response, the plaintiffs recognized the defendants' argument that, if the Sixth Circuit should reverse this Court's opinion on the motion to dismiss, "the action will end," (DE 87, Response at 12), and they did not dispute that. They simply argued that this is always the case with the reversal of an opinion denying a motion to dismiss. Nor did they argue that they asserted claims based on written mortgage assignments.

This Court granted the motion for interlocutory appeal, finding that if the Sixth Circuit should reverse, "this matter must be dismissed in its entirety." (DE 90, Opinion at 4.) The plaintiffs did not move the Court to correct that statement. In fact, in their response to the defendant's petition for interlocutory appeal filed with the Sixth Circuit, the plaintiffs themselves stated that they "recognize that an interlocutory appeal would finally determine liability." Response at 2, *Higgins v. BAC Home Loans Servicing, LP, et al.*, Case No. 14-507 (6th Cir. July 21, 2014), DE 16-1.

In their appellate brief before the Sixth Circuit, the defendants stated "[i]t is undisputed that these note transfers did not involve written mortgage assignments. . . ." Appellant Brief at 4, *Higgins v. BAC Home Loans Servicing, LP, et al.*, Case No. 14-6168 (6th Cir. December 11, 2014), DE 37. They argued that the Sixth Circuit should reverse this Court and "direct that the Complaint be dismissed and judgment be entered in favor of [defendants], because [defendants] have no duty under Kentucky's recording statutes to record anything when they received a transfer of promissory notes." *Id.* at 18.

In their response brief, the plaintiffs explained that, "[w]hen receiving the note, [defendants] did not timely record the assignment of the mortgage interest that came with the note in county real estate records." Appellee Brief at 2, *Higgins v. BAC Home Loans Servicing, LP, et al.*, Case No. 14-6168, (6th Cir. January 13, 2015), DE 38. They did not argue that they also asserted claims based on the untimely filing of written mortgage assignments and that dismissal of the entire action was, therefore, inappropriate. Nor did they otherwise attempt to contradict the

defendants' statement that it was undisputed that the note transfers at issue "did not involve written mortgage assignments."

Moreover, the plaintiffs moved for a rehearing *en banc* of the Sixth Circuit's decision. Again, in that decision, the Sixth Circuit explicitly stated "it is undisputed that defendants transferred *only* promissory notes and did not fail to record any transfers of mortgage deeds." *Higgins, LP*, 793 F.3d at 694. It further explicitly stated that this Court "should have granted defendants' motion to dismiss" and "should have dismissed plaintiffs' action. . . ." *Higgins, LP*, 793 F.3d at 691, 694. Yet, in their petition for a rehearing of that opinion, the plaintiffs never argued that they asserted claims based on written mortgage assignments and that, therefore, dismissal of the entire action was inappropriate.

Accordingly, the plaintiffs have waived any argument that the entire action should not be dismissed and any argument that they assert claims based on written mortgage assignments.

For all these reasons, the Court hereby ORDERS that the plaintiffs' motion (DE 98) to alter, amend, vacate or set aside the Court's order dated September 30, 2015 or to amend their complaint is DENIED.

Dated June 7, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY